IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD MCGEE, §<br>    Petitioner, §<br> §<br>v. §<br> §<br>LORIE DAVIS, *Director*, TDCJ-CID §<br>    Respondent. § | No. 3:18-cv-2378-M (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Reginald McGee filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition for failure to exhaust state remedies.

I.

Petitioner is currently in federal custody serving time for both state and federal convictions. Petitioner was convicted on March 20, 1991, in Dallas County, Texas, of murder and aggravated robbery and was sentenced to forty years in prison on each conviction, to run concurrently. *State of Texas v. Reginal McGee*, Nos. F90-21277 and F90-21273 (195th Dist. Ct., Dallas County, Mar. 20, 1991). On September 9, 1991, Petitioner was convicted of two aggravated robbery offenses in Tarrant County, Texas and was sentenced to forty-years in prison on

1

each conviction, to run concurrently with each other and with the Dallas County convictions. *State of Texas v. Reginald McGee*, Nos. 0416224A and 0416227A (Crim. Dist. Ct. No. 4, Tarrant County, Tex., Sept. 9, 1991). On July 26, 2013, Petitioner was released to parole. However, his parole was revoked on June 8, 2018, after he was convicted in federal court of being a felon in possession of a firearm. *United States v. McGee*, No. 4:16-cr-057-O (N.D. Tex.).

Petitioner filed this § 2254 petition on August 21, 2018. By this action, he claims the State has issued a detainer stating that his federal and state sentences are running consecutively when they should be running concurrently. On November 26, 2018, Respondent filed her answer arguing Petitioner has failed to exhaust this claim. Petitioner did not file a reply.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A federal habeas petition that contains unexhausted claims cannot be granted. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

To exhaust his claim challenging the way in which the state is calculating his sentences, Petitioner was required to file an administrative time credit dispute. *See* Tex. Gov't Code § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex.

Crim. App. 2000); *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Once Petitioner exhausted his administrative remedies, he was required to exhaust his state remedies by filing a state petition for writ of habeas corpus raising this claim. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Here, Petitioner did not file a time credit claim under § 501.0081; nor did he raise this claim in a state habeas petition. He has therefore failed to exhaust his state remedies.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

### III.

For the reasons stated, the Court should DISMISS the petition without prejudice for failure to exhaust state remedies.

Signed February 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).